NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WAYNE SURGICAL CENTER, LLC, individually and on behalf of all those similarly situated, | Hon. Harold A. Ackerman |
| Plaintiffs, | Civil Action No. 06-928 (HAA) |
| v. | **OPINION AND ORDER** |
| CONCENTRA PREFERRED SYSTEMS, INC., |  |
| Defendant. |  |

Bruce H. Nagel, Esq.
Robert Solomon, Esq.
NAGEL, RICE & MAZIE
103 Eisenhower Parkway
Roseland, NJ 07068

Thomas A. Gentile, Esq.
Neil L. Prupis, Esq.
LAMPF, LIPKIND, PRUPIS & PETIGROW
80 Main Street
West Orange, NJ 07052
*Attorneys for Plaintiffs*

Dawn J. Groman, Esq.
Nadine M. Gomes, Esq.
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10017
*Attorneys for Defendant*

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on Defendant's motion for summary judgment (Doc. No. 48). For the following reasons, Defendant's motion will be granted.

## BACKGROUND

Plaintiff Wayne Surgical Center ("Wayne") provides ambulatory surgical care to patients who undergo same-day surgical procedures and also provides out-of-network services to subscribers in a number of health insurance plans on a non-contractual basis. Under the terms of the health care plans, these health insurance carriers are obligated to reimburse Wayne for services rendered to the insured patients based on usual, customary, and reasonable charges. Defendant Concentra Preferred Systems, Inc. ("Concentra") provides health care management services, including the repricing of claims submitted to health insurance carriers by medical services providers. After a medical service provider submits its bill to a health insurance carrier, the carrier submits the bill to Concentra for a determination of the usual, customary, and reasonable charges of the services rendered by the medical service provider. The health insurance carrier then pays the medical service provider according to Concentra's evaluation.

Wayne alleges that Concentra's repricing practice has systematically reduced payments to medical service providers, such as itself, using flawed and inaccurate computer software and data. Wayne argues that Concentra wrongfully withheld and/or reduced payment for valid insurance claims while retaining fees and a percentage of the reimbursement. Accordingly, on January 26, 2006, Wayne filed a Complaint in the Superior Court of New Jersey, Essex County. On February 28, 2006, Concentra removed the instant action to this Court, and in May 2006,

Concentra filed a motion to dismiss. The Court granted Concentra's motion to dismiss on August 20, 2007. In that Opinion, the Court held that Wayne's state law claims were preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. *See Wayne Surgical Ctr., LLC v. Concentra Preferred Sys., Inc.*, No. 06-928, 2007 WL 2416428, at *9 (D.N.J. Aug. 20, 2007) ("*Wayne Surgical I*"). Shortly thereafter, Wayne filed its First Amended Complaint, alleging the following two counts: (1) violation of ERISA § 502(A) and (2) breach of fiduciary duty under ERISA. On May 9, 2008, this Court dismissed the second count of Wayne's First Amended Complaint. *See Wayne Surgical*, No. 06-928 (D.N.J. May 9, 2008) ("*Wayne Surgical II*"). Following discovery, Concentra now moves for summary judgment as to Wayne's remaining ERISA claim, asserting that Wayne did not exhaust its administrative remedies.

## ANALYSIS

**I.     Standard of Review**

Pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment will be granted:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); *see also Todaro v. Bowman*, 872 F.2d 43, 46 (3d Cir. 1989); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir. 1987). In other words, "summary judgment may be granted if the movant shows that there exists no genuine issue of material fact that would

permit a reasonable jury to find for the nonmoving party." *Miller v. Indian Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988). All facts and inferences are construed in the light most favorable to the non-moving party. *See Peters v. Delaware River Port Auth. of Pa. and N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994).

The substantive law will identify which facts are "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Therefore, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. An issue is "genuine" if a reasonable jury could possibly hold in the nonmovant's favor with regard to that issue. *Id.* At the summary judgment stage, a court may not weigh the evidence or make credibility determinations; these tasks are left to the finder of fact. *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc.*, 998 F.2d 1224, 1230 (3d Cir. 1993). Therefore, to raise a genuine issue of material fact, the summary judgment opponent "'need not match, item for item, each piece of evidence proffered by the movant,' but simply must exceed the 'mere scintilla' standard." *Id.* (citing *Cont'l Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962)). Once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); see also *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir.1991) (stating that non-movant may not "rest upon mere allegations, general denials, or . . . vague statements").

Thus, if the non-movant's evidence is merely "colorable" or is "not significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-50.

## II.     Exhaustion of Administrative Remedies

Wayne alleges that it has been denied benefits by Concentra that it is rightfully owed. Under 29 U.S.C. § 1132(a)(1)(B), a plan participant may bring a civil action to recover benefits due to it under the terms of the plan. To prove a claim under § 1132(a)(1)(B), a plaintiff must show that it is a "participant or beneficiary" under ERISA who was entitled to benefits, and that such benefits were improperly denied. However, prior to seeking judicial review, a participant or beneficiary ordinarily must exhaust its administrative remedies. Specifically, ERISA provides that "every employee benefit plan shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133; *see also Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990) ("Except in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan.") (internal quotation marks omitted).

A plaintiff is excused from exhausting administrative procedures under ERISA if it would be futile to do so. *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3d Cir. 1990). To establish this exception, plaintiffs have the burden to make a "clear and positive showing of futility." *Harrow v. Prudential Ins. Co.*, 279 F.3d 244, 249 (3d Cir. 2002). In the absence of futility, summary judgment may be granted based on a plaintiff's failure to exhaust administrative remedies. *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002).

To demonstrate futility, a "plaintiff must show that it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Harrow*, 279 F.3d at 250 (internal citations and quotation marks omitted); *see also Berger*, 911 F.2d at 917 (applying futility exception where there was a "blanket denial" of claims). Whether to excuse exhaustion on futility grounds rests upon the weighing of several factors, including: (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) the existence of a fixed policy of denying benefits; (4) the failure of the insurance company to comply with its own internal administrative procedures; and (5) the testimony of plan administrators that any administrative appeal was futile. All factors may not necessarily weigh equally. *Harrow*, 279 F.3d at 250; *Metz v. United Counties Bancorp.*, 61 F. Supp. 2d 364, 383-84 (D.N.J. 1999).

As this Court observed previously, "Wayne concedes that it did not exhaust its administrative remedies." *Wayne Surgical II*, No. 06-928, at *14. Wayne argues, however, that pursuing administrative remedies in this case would be futile, and thus, its failure to do so should be excused. The Court is not persuaded.

Examining the factors set out by the Third Circuit, the Court notes that while Wayne has pursued administrative remedies for some claims, it has eschewed the administrative process for the vast majority of its claims. (*See* Wayne Br. at 13; Wayne Statement of Undisputed Material Facts ¶ 4.) Further, Wayne musters no evidence supporting the existence of a fixed policy of denying benefits, and probably for good reason: when it does pursue administrative remedies, its success rate for recoupment is, based on Concentra's uncontroverted evidence, 7%-20%. (*See* Concentra Statement of Undisputed Material Facts ¶ 6.) Nor does Wayne present evidence that

Concentra or the Plan Administrators failed to comply with their own internal procedures. Indeed, it is Wayne that concedes its failure to fully comply with the Concentra and Plan procedures. Finally, Wayne points to no testimony of administrators stating that internal appeal is futile.

The only factor that arguably supports Wayne's futility argument is the reasonableness of its resort to the judicial process. Understandably, Wayne expresses frustration with the difficulty of obtaining what it believes to be fair payment, especially in light of a seemingly contradictory appeals process. For example, the written appeals process delineated in the respective Plans mandates that appeals be directed to the payor, such as United HealthCare Group (*see, e.g.*, Fairley Decl., Ex. A, p. I-40), but the typical Explanation of Benefits form directs inquiries to Concentra (*see* Gentile Certif., Ex. B at 45). Nevertheless, it cannot be said, as Wayne asserts, that "the administrative procedures upon which Concentra relies are wholly ineffective" (Wayne Br. at 13) when Wayne receives favorable payment on up to 20% of its appeals. Nor can Wayne's plea be given serious consideration when it has not adequately and thoroughly challenged Concentra's repricing of claims through the available administrative avenues. At this stage, Wayne's resort to the judicial process more likely reflects its disenchantment with an appeals success rate short of 100% than an administrative process that is "wholly ineffective."

Wayne argues that when "an ERISA beneficiary challenges a fiduciary's *systematic application* of a *biased methodology* of benefits calculation to numerous claims, the futility exception will excuse the requirement to exhaust administrative remedies." (Wayne Br. at 13 (emphasis in original).) For support, Wayne relies on a Sixth Circuit opinion, *Fallick v. Nationwide Mutual Insurance Co.*, which excused exhaustion based on the defendant's

systematic, long-standing methodology of repricing claims. 162 F.3d 410 (6th Cir. 1998). In *Fallick*, the court wrote that while the defendant "seeks to miscast this action as one primarily for a claim-by-claim payment of medical benefits, in reality this action is only tangentially about the reimbursement of individual medical claims. Instead this case centers on Fallick's attempt to challenge defendants' across-the-board application of a methodology for determining reasonable and customary limitations[.]" *Id.* at 420. The court reasoned that "any further efforts at exhaustion of administrative remedies would be pointless" because defendant "has proven itself unwilling to alter its methodology for determining reasonable and customary limitations." *Id.* at 419. Accordingly, the court found the pursuit of administrative remedies to be futile and excused exhaustion.

This Court declines to follow *Fallick*'s lead. That decision is not binding on this Court, and, in eleven years, has yet to be endorsed by any other Circuit. Moreover, this Court finds persuasive a recent, unpublished opinion from the Southern District of New York that criticized *Fallick*. In *American Medical Association v. United Healthcare Corp.*, the court observed: "No court in this district — or, insofar as the Court can determine, anywhere else — has made a finding of futility as broad as that announced in *Fallick* in that no other court has found that a plaintiff made a clear and positive showing of futility where there existed examples of successful appeals." No. 00-2800, 2007 WL 1771498, at *13 (S.D.N.Y. June 18, 2007) (hereinafter "*AMA*").

Furthermore, looking at the broad purposes behind the exhaustion of remedies doctrine — avoiding frivolous lawsuits and unnecessarily adversarial proceedings; reducing litigation costs; establishing a sufficient factual record; and giving the administrator the opportunity to

correct errors[1] — the court in *AMA* found that "most of these purposes are served by requiring administrative exhaustion in the instant litigation." *Id.* at *12. Relevant to this case, the court in *AMA* explained that pursuing administrative remedies "would have allowed Defendants the opportunity to correct errors such as incorrect procedural codes, as they did in several instances." *Id.* "Additionally, pursuing administrative appeals would have created a record that would have supported Plaintiffs' contentions as to the basis for their appeals." *Id.*

    Here, the circumstances are analogous to those in *AMA*. Similar to the defendant in *AMA*, Concentra has only occasionally been given the opportunity to correct its errors, which they have accomplished in up to 20% of those claims appealed by Wayne. Further, like the defendant in *AMA*, Wayne has not adequately developed a factual record regarding the issues in this case, namely, challenging the repricing methodology employed by Concentra. Whereas the plaintiff in *Fallick* "developed an extensive factual record by engaging in a two-year long 'triangular dialogue of communications in every direction [with] the State Insurance Department and [the insurance company]' regarding the facts at issue in the litigation," Wayne fails to present evidence that it complained about the underlying methodology with a level of specificity even close to resembling the *Fallick* plaintiff. *AMA*, 2007 WL 1771498, at *12 (quoting *Fallick*, 162 F.3d at 417).

    Considering the purposes behind the exhaustion of remedies doctrine, Wayne has not established that its failure to exhaust its administrative remedies should be excused as futile. Rather, most of the purposes behind the doctrine support the exhaustion of remedies, including

---

[1] The Third Circuit has identified similar broad purposes behind the exhaustion of remedies doctrine in the context of ERISA. *See Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 279 (3d Cir. 2007).

the development of a thorough factual record and the opportunity for Concentra to correct its errors. *See Makar v. Health Care Corp. of Mid-Atlantic (Carefirst)*, 872 F.2d 80, 83 (4th Cir. 1989) ("Congress intended plan fiduciaries, not the federal courts, to have primary responsibility for claims processing."). Wayne has therefore failed to make a "clear and positive showing" of futility, and therefore, summary judgment will be granted as to Wayne's ERISA claim.[2]

The Court encourages Wayne to pursue its remedies available through the respective Plans and to challenge Concentra's repricing activities through administrative avenues. By the same token, the Court expects Concentra to address the concerns raised by Wayne with fairness and alacrity — virtues that, thus far, it has questionably displayed. Should Wayne's efforts ultimately prove futile, it may re-file its suit.

### CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that Defendant's motion for summary judgment (Doc. No. 48) is GRANTED. Wayne's First Amended Complaint is DISMISSED WITHOUT PREJUDICE.

Newark, New Jersey
Dated: April 7, 2009                    /s/ Harold A. Ackerman
                                        U.S.D.J.

---

[2] Wayne alternatively questions whether the exhaustion doctrine even applies vis a vis a "third-party, non-named fiduciary such as Concentra," and argues that Concentra failed to follow ERISA regulations relating to the administrative process of claim denials. (Wayne Br. at 22.) Wayne cites no authority, however, from this Circuit or any other court, obviating the exhaustion doctrine, nor imposing a separate, formal appeals procedure for a sub-contractor reporting to a named fiduciary. Wayne also offers no evidence that it did, in fact, exhaust its remedies available under the applicable Plans, or that Concentra was responsible for any alleged procedural violations. Accordingly, Wayne fails to carry its burden for a "clear and positive" showing that the administrative process was futile.